David Sanford (*Pro Hac Vice* forthcoming)
dsanford@sanfordheisler.com
SANFORD HEISLER SHARP, LLP
1666 Connecticut Avenue, N.W., Suite 300
Washington, D.C. 20009
Telephone: (202) 499-5201
Facsimile: (202) 499-5119

Andrew Melzer (*Pro Hac Vice* forthcoming)
amelzer@sanfordheisler.com
SANFORD HEISLER SHARP, LLP
1350 Avenue of the America, 31st Floor
New York, NY 10019
Telephone: (646) 402-5650
Facsimile: (646) 402-5651

Danielle Fuschetti (SBN 294064)
dfuschetti@sanfordheisler.com
SANFORD HEISLER SHARP, LLP
111 Sutter Street, Suite 975
San Francisco, CA 94104
Telephone: (415) 795-2020
Facsimile: (415) 795-2021

Xinying Valerian (SBN 254890)
xinying@valerian.law
VALERIAN LAW
1300 Clay Street, Suite 600
Oakland, CA 94612
Telephone: (888) 686-1918
Facsimile: (510) 982-4513

*Attorneys for Petitioner and Proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MARCELLA JOHNSON, On Behalf of Herself and All Others Similarly Situated, **PETITIONER**, v. ORACLE AMERICA, INC., **RESPONDENT.** | **PETITION TO COMPEL ARBITRATION UNDER 9 U.S.C. § 4** |

## JURISDICTION

1. This Court has jurisdiction over this action pursuant to 9 U.S.C. § 4 and 28 U.S.C. § 1332 because this Court would have jurisdiction over the parties' underlying dispute absent any arbitration agreement and because the parties' arbitration would occur in this District. Venue exists under 9 U.S.C. § 4 and 28 U.S.C. § 1391(b).

## INTRADISTRICT ASSIGNMENT

2. This action is properly assigned to the San Francisco Division of this District pursuant to Civil Local Rule 3-2(c) and (d) because a substantial part of the events or omissions which give rise to the claim occurred in San Mateo County, which is served by the San Francisco Division.

## FACTS AND ARGUMENT

3. Petitioner Marcella Johnson ("Johnson") was a sales representative for Defendant Oracle America, Inc. Ms. Johnson alleges, in part, that Respondent Oracle America, Inc. ("Oracle") systematically denied her and other sales representatives their lawful commission wages and further compelled her to work against her will for months in order to pay off a supposed "debt" to the company. Petitioner brings various claims under California wage and hour laws as well as individual claims for peonage (debt servitude) and forced labor under 18 U.S.C. §§ 1581 and 1589.

4. Ms. Johnson originally filed her action on February 14, 2017 in federal district court in the Northern District of California.

5. Oracle filed a motion to dismiss the federal action on the ground that the court lacked subject matter jurisdiction under the Class Action Fairness Act.

6. After Ms. Johnson filed the federal action, Oracle produced Ms. Johnson's personnel file. The personnel file contained an arbitration agreement (attached as Exhibit A). Accordingly, Petitioner dismissed the federal action and filed an arbitration demand with JAMS- San Francisco pursuant to the parties' agreement. (A copy of Petitioner's operative arbitration demand is attached as Exhibit B).

7. Oracle imposed the arbitration agreement on Ms. Johnson as a non-

1  negotiable condition of employment. Ms. Johnson had no say in the matter.

2      8.    But, Respondent Oracle has flatly refused to participate and cooperate in the arbitration and has obstructed the arbitration process. Among other things, Oracle has refused to pay its share of the arbitration fee or to participate in the selection of the arbitrator. Based on Oracle's recalcitrance, the arbitration cannot proceed.

    9.    Critically, Oracle does not contend that the case belongs in court. Its own mandatory arbitration agreement selects JAMS- San Francisco as an appropriate and exclusive forum for resolving employment disputes. Instead, Oracle insists that the parties' relationship is governed by a second arbitration agreement which, Oracle contends, prohibits class arbitrations.

    10.    This is not a proper basis on which to resist arbitration or the appointment of an arbitrator. It is uncontested and settled that Johnson's employment-related disputes belong in JAMS arbitration. Thus, it is up to the arbitrator to determine which agreement applies as well as the form and procedures that the arbitration will take. It is up to the arbitrator to determine whether class-based procedures are available. The fundamental role for a court is to determine whether arbitration will occur at all – i.e. whether the parties' dispute comes within the scope of an arbitration agreement and whether the arbitration clause is valid and enforceable. Once it is established (as here) that the substantive claims are arbitrable, a court's role is at an end.

    11.    Notably, under either version of the agreement, class action procedures would be available. Even assuming that a second, superseding agreement applies, Oracle's class waiver would be void and unenforceable under binding Ninth Circuit law (*Morris v. Ernst & Young*, 834 F.3d 975 (9th Cir. 2016)). Oracle seeks to do nothing more than stonewall and delay this case in hopes that *Morris* may be overturned during the next Supreme Court term. Oracle's conduct has had the effect of bogging down both the court system and the arbitral forum with needless protracted litigation.

    12.    Petitioner now seeks to compel Oracle, under 9 U.S.C. § 4, to arbitrate the underlying action before JAMS- San Francisco.

13. Under 9 U.S.C. § 4, it is not in dispute that the parties entered an arbitration agreement requiring them to arbitrate before JAMS. It is also undisputed that Oracle has failed and refused to adhere to its obligation to arbitrate under the agreement. Oracle's outright embargo of arbitration is unjustified, frivolous, and taken for improper purposes.

14. Accordingly, this Court should compel Oracle to arbitrate under 9 U.S.C. § 4. Further, the Court should sanction Defendant for its dilatory, bad faith conduct under 28 U.S.C. § 1927 and the Court's inherent power. *Cf. Int'l Union of Petroleum and Indus. Workers v. Western Indus. Maintenance Inc.*, 707 F.2d 425 (9th Cir. 1983)(upholding sanctions for unjustified refusal to abide by arbitrator's award, including frivolous delay tactics); *Sheet Metal Workers' Int'l Assoc. Local Union No. 359 v. Madison Indus., Inc. of Arizona*, 84 F.3d 1186, 1192 (9th Cir. 1996)(upholding sanctions for flatly refusing to honor arbitration award); *Road Sprinkler Fitters Union No. 669, U.A, AFL-CIO v. Cosco Fire Protection, Inc.*, 363 F. Supp. 2d 1220, 1226 (C.D. Cal. 2005)(awarding sanctions where defendants asserted a series of defenses indicating a bad faith intent to delay arbitration). Under this established case law: "[An] award of fees is appropriate when a party frivolously or in bad faith refuses to submit a dispute to arbitration...." *Road Sprinkler Fitters*, 363 F. Supp. 2d at 1226 (citation omitted).

## PRAYER FOR RELIEF

**WHEREFORE**, Petitioner Marcella Johnson respectfully requests that the Court:

1. Enter an order compelling Oracle to arbitrate this action before JAMS- San Francisco, including engaging in arbitration proceedings – as specified by JAMS procedures – by paying its designated share of arbitration fees and participating in the selection of the arbitrator;

2. Awarding Petitioner her attorney's fees and costs; and

3. Awarding such other and further relief as the Court deems just and proper.

By: __/S/ Xinying Valerian_____
Xinying Valerian
**VALERIAN LAW**
*Counsel for Petitioner and Proposed Class*